UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE CHRISTIAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2226** |
| **33RD JUDICIAL COURT, ET AL.** | **SECTION "O"** |

# ORDER

Before the Court in this 42 U.S.C. § 1983 action brought by *pro se* Plaintiff Willie Christian—a prisoner housed in the Allen Parish Jail—is the report and recommendation[1] of Magistrate Judge Roby. Magistrate Judge Roby recommends that the Court transfer this case to the United States District Court for the Western District of Louisiana under 28 U.S.C. § 1406(a) because venue is improper here but proper in the Western District of Louisiana, and transfer to the Western District of Louisiana is "in the interest of justice."[2] 28 U.S.C. § 1406(a). No party objected.

Having considered Christian's complaint,[3] the relevant law, Magistrate Judge Roby's report and recommendation, and the failure of any party to object to that report and recommendation, the Court approves the report and recommendation and adopts the report and recommendation as the Court's opinion.

---

[1] ECF No. 5.

[2] *Id.* at 1–3. Transfer is governed by Section 1406(a) because Plaintiff filed this case in an improper venue. *See* 14D CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3803.1 (3d ed.) (explaining that Section 1406(a) applies when "the venue chosen by the plaintiff is improper," whereas Section 1404(a) applies "[i]f the original federal forum is a proper venue").

[3] ECF No. 1.

Accordingly,

**IT IS ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Western District of Louisiana under 28 U.S.C. § 1406(a).

New Orleans, Louisiana, this 22nd day of November, 2024.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE